UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JENNIFER PALMER,<br><br>    Plaintiff,<br><br>    v.<br><br>ECAPITAL CORP., ECAPITAL ASSET BASED LENDING CORP. (formerly known as GERBER FINANCE INC.), MARIUS SILVASAN, JONATHAN STAEBLER, STEVEN McDONALD AND CRIS NEELY, in their individual and professional capacities<br><br>    Defendants. | Docket No. 1:23-cv-04080 |

**STIPULATED PROTECTIVE ORDER**

    **THIS CAUSE** came before the Court upon the Stipulation of Jennifer Palmer ("**Plaintiff**") and Defendants eCapital Corp., eCapital Asset Based Lending Corp., Marius Silvasan, Jonathan Staebler, John Stephen McDonald *i/s/a* Steven McDonald and Cris Neely (collectively, "**Defendants**").

    **IT IS HEREBY ORDERED** that the following Protective Order shall govern the disclosure and use of confidential information (including documents, testimony, answers to interrogatories, responses to admissions, data, other materials and their contents) in this action ("**Action**").

1. DEFINITIONS: As used in this Protective Order, these terms have the following meanings:

    a. "Attorneys" refers to counsel of record (including partners, associates, and paralegals of such counsel);

1

b.  "Confidential Information" shall encompass information that is designated "Confidential" or "Attorney Eyes Only." "Confidential Information" includes any documents produced by any Party in this Action, or by a non-party in response to a subpoena, which are, in good faith, determined by the Disclosing Party to contain confidential or proprietary information, or other commercially sensitive information of a non-public nature. In some instances, the disclosure of certain information may require greater protection than that afforded to information designated "Confidential." Any information may be designated by a Disclosing Party as "Attorneys Eyes Only" if it is determined in good faith, by the Disclosing Party: (1) to contain non-public information of a competitively or commercially sensitive, proprietary, business, financial, trade secret, intellectual property nature, or to involve the privacy interests of persons who are not a Party to this Action; and (2) that disclosure of such information to the other Party may be unduly detrimental to the Disclosing Party's or other Non-Party's interests. Such documents may be designated as Confidential Information or Attorneys Eyes Only, as applicable, and so marked by stamping each page of the document "Confidential" or "Attorneys Eyes Only." To the extent that matter is stored or recorded in the form of electronic media, the material may be designated "Confidential" or "Attorney Eyes Only" by label on the disc, tape, drive or other physical form containing such material. The Parties shall act in good faith and on a reasonable basis when designating any material as being "Confidential" or "Attorneys Eyes Only", and this type of Confidential information or Attorneys' Eyes' Only information (in addition to meeting the above requirements) may include but is not limited to the following:

i. Information obtained from and regarding the Parties' clients or customers;

ii. Information of a competitively or commercially sensitive proprietary nature;

iii. Personal information including but not limited to social security numbers and medical records;

iv. Information related to the Parties' current and past business operations and practices;

v. The financial information of either Party.

vi. An individual's family, financial, medical or personnel records;

vii. Current or currently prospective business plans, market analyses or internal strategies or proprietary processes;

viii. information regarding actual historical or projected sales volumes, actual or proposed customer contracts, pricing or similar competitively sensitive materials;

ix. material or information constituting trade secrets, within the meaning of F.R.C.P. 26(c)(1)(G);

x. material or information in possession of a Party or person where said Party or person has an independent written obligation of confidentiality to a non-party or person;

xi. or other documents that the Disclosing Party, in good faith, contends to constitute proprietary or sensitive business, personal, financial, or other Confidential Information, within the scope of F.R.C.P. 26(c).

- c. "Disclosing Parties" shall mean Plaintiff, Defendants, and any Non-Parties who give testimony or produce Documents or other information covered by the Protective Order, including those Parties' officers, directors, employees, and agents.

- d. "Documents" shall mean all written, recorded, electronic, or graphic matter whatsoever, including but not limited to, materials produced pursuant to F.R.C.P. 34, by subpoena or by agreement, deposition transcripts and exhibits, interrogatory answers, responses to requests for admission, and any portion of any court papers that quote any of the foregoing.

- e. "Parties" (or each a "Party") shall mean Plaintiff, Defendants, and any third parties who agree to be bound by the Protective Order.

- f. "Vendors" refers to messenger, clerical-services, copy, coding and other vendors not employed by a Party or its Attorneys; and

- g. "Written Assurance" means an executed document in the form attached as Exhibit A.

2. TREATMENT OF CONFIDENTIAL INFORMATION

   (a)   Restriction of Confidential Information. Any information, whether revealed in deposition testimony, response to discovery, through documents produced in the course of the proceedings, or at trial designated by any Party as CONFIDENTIAL, shall not be disclosed to: the general public, competitors of any Party, the press or news media, and customers or potential customers of either Party, and shall not be used by any Party other than in the above-captioned Action. Confidential Information may be used solely for the purpose of preparation for the above-

        captioned Action.  All Confidential Information, along with the information contained in the Documents, shall be used solely for the purpose of this Action, and no person receiving such Documents, including but not limited to Attorneys, shall, directly or indirectly, use, transfer, disclose, or communicate in any way the Documents or their contents to any person other than specified in this Paragraph 2 of this Protective Order. Any other use is prohibited. Extracts, copies, duplicates, descriptions and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

(b)    Disclosures of Confidential Information.  Disclosures of Confidential Information shall be limited to: (1) Attorneys; (2) employees or agents of such Attorneys, with a need to know, in connection with the preparation of this Action; (3) the Parties and directors, officers, or employees of the Parties who are involved in the management of the proceeding; (4) consultants or experts engaged by counsel for any Party in connection with the preparation for this Action; (5) The Court and its staff; (6) Court reporters retained to transcribe testimony; (7) Third Parties with a need to know; (8) Persons shown on the face of the document to have authored or received it; (9) actual and potential witnesses in the Action and their legal counsel; and (10) Outside independent persons (i.e., persons not currently or formerly employed by, counseling with, or otherwise associated with any Party) who are retained by a Party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this Action. Any person to whom the information designated CONFIDENTIAL is to be disclosed pursuant to (3), (4), (7), (8), (9), and (10) of

this paragraph shall be informed of the content of this Protective Order prior to said disclosure and shall agree in writing to be bound by its terms by executing the Written Assurance.

(c) Restriction of Information Designated "Attorneys Eyes Only." Information which is designated ATTORNEYS EYES ONLY shall be disclosed only to the following persons who have agreed in writing by executing the Written Assurance or have been ordered to be bound by Stipulation and resulting Protective Order: (1) Attorneys; (2) employees or agents of such Attorneys, with a need to know, in connection with the preparation of this Action; (3) consultants or experts engaged by counsel for any Party in connection with the preparation for this Action; (4) The Court and its staff; (5) Court reporters and videographers retained to transcribe and record testimony; (6) Persons shown on the face of the document to have authored or received it; and (7) Outside independent persons (i.e., persons not currently or formerly employed by, counseling with, or otherwise associated with any Party) who are retained by a Party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this Action. Any person to whom the information designated ATTORNEYS EYES ONLY is to be disclosed pursuant to (3), (6), and (7), of this paragraph shall be informed of the content of this Protective Order prior to said disclosure and shall agree in writing to be bound by its terms by executing the Written Assurance.

3. DESIGNATION OF CONFIDENTIAL INFORMATION BY NON-PARTIES. Non-parties to this Action ("**Non-Parties**" and each a "**Non-Party**") producing Documents in the

course of this Action may also designate Documents as "Confidential Information," subject to the same protections and constraints as the Parties to the Action. A copy of the Protective Order shall be served along with any subpoena served in connection with this Action. All Documents produced by such Non-Parties shall be treated as "Confidential Information" for a period of 14 days from the date of their production, and during that period any Party may designate such Documents as "Confidential Information" pursuant to the terms of this Protective Order.

4. DESIGNATION OF DEPOSITIONS. All depositions or portions of depositions taken in this Action that contain Confidential Information may be designated "Confidential Information" or "Attorney Eyes Only" and thereby obtain the protections afforded other "Confidential" Documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other Party within 14 days of receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses "Confidential information" shall be taken only in the presence of persons who are qualified to have access to such information.

5. INADVERTENT DISCLOSURE. Any Party who inadvertently fails to identify Documents as "Confidential Information" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately designated Documents. Any Party who inadvertently discloses Documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving Party and request that the Documents be returned. Any Party receiving such improperly designated Documents shall return and/or retrieve such Documents from persons not entitled to receive those Documents and shall return or destroy the improperly designated or inadvertently disclosed Documents. Nothing contained herein shall prevent a Party from moving to compel disclosure of privileged documents; however, in no event may a Party refer to the privileged contents of the Documents in so moving.

a. When the producing Party makes a claw-back request (i.e., when it gives notice to the receiving Party that certain produced material contains confidential information or is subject to a claim of privilege or other protection), the obligations of the receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

b. When making a claw-back request, the producing Party shall: (i) clearly identify the materials subject to the privilege or other protection (e.g., by Bates range if the materials are Bates numbered); (ii) provide a privilege log listing the item(s) produced and for which a claw-back request is being made; and (iii) produce a new copy of the material (utilizing the same Bates number as the original material) with the privileged or Protected Material redacted (if the producing Party claims that only a portion of the document contains privilege or other protected material). If the producing Party claims that the entire document is privileged or protected, then the producing Party shall provide a slip sheet noting that the document has been withheld.

c. The receiving Party may contest the producing Party's assertion of confidential information, privilege or other protection. In that instance, within seven (7) business days from receipt of the claw-back request, the receiving Party shall give the producing Party a written "Notice of Claw-Back Challenge" providing the reasons for said disagreement. The producing Party will have seven (7) business days to respond to the Notice of Claw-Back Challenge, in writing, by either: (i) agreeing to withdraw the claim of privilege or other protection; or (ii) stating the reasons for such claim. If the producing Party's response to the Notice of Claw-Back Challenge does not resolve the issue, the Parties shall meet and confer within five (5) business days of the response. If the conference does not resolve the dispute, within five (5) business days of the conference, the Parties shall submit the dispute to the Court for resolution. The producing Party retains the burden of establishing the applicability of the privilege or other protection as to any inadvertently produced materials.

d. The Parties may stipulate to extend the time periods set forth in paragraph 7(c).

e. Nothing in this Order limits the right of any party to petition the Court for an in-camera review of the Protected Material.

6. RESTRICTIONS UPON PUBLIC FILINGS OR DISCLOSURES OF CONFIDENTIAL INFORMATION. Any "Confidential information" or any document incorporating "Confidential information" that is filed with the Court shall be filed under seal in accordance with the Federal Rules of Civil Procedure and Local Rules of the Southern and Eastern Districts of New York. If a Party files a Document containing "Confidential information" with the Court, it shall do so in

compliance with any requirement of the Court or Court administrative personnel may establish for any such filing. Prior to disclosure at trial or a hearing of materials or information designated "Confidential Information" the Parties may seek further protections against public disclosure from the Court.

7. CHALLENGES TO DESIGNATIONS.  Any Party may request a change on the designation of any information designated "Confidential Information". Any such Document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the Party seeking the change may move the Court for appropriate relief, providing notice to any Non-Party whose designation of produced Documents as "Confidential Information" in the Action may be affected. The Party asserting that the material is "Confidential Information" shall have the burden of proving that the information in question is within the scope of protection F.R.C.P. 26(c).

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "Confidential information," that Party must:

    (a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

    (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

    (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose confidential material may be affected.

9. TERMINATION OF ACTION.  Within 60 days of the termination of this Action, including any appeals, each Party shall either destroy or return to the opposing Party all Documents designated by the opposing Party as "Confidential Information," and all copies of such Documents, and shall destroy all extracts and/or data taken from such Documents.  Each Party shall provide written verification as to such return or destruction within the 60-day period. The producing party shall maintain a copy of all Documents designated as "Confidential Information" for a period of three (3) years following the termination of the Action.  In the event a malpractice lawsuit is filed against counsel for a non-producing party, upon a showing of good cause, counsel for the non-producing party may obtain copies of such Documents designated as "Confidential Information" that are specifically required to defend any such malpractice action.

10. MODIFICATIONS.  Any Party may apply to the Court for a modification of this Protective Order, and nothing in this Protective Order shall be construed to prevent a Party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

11. NO WAIVER.  No Action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the Action or of any position as to discoverability or admissibility of evidence.

12. SURVIVAL.  Except as specifically provided herein, the obligations imposed by this Protective Order shall survive the termination of this Action.

**SO STIPULATED**:

*Attorneys for Defendants*                                  *Attorneys for Plaintiff*


By: _s/ Jon Swergold_                              By: _s/ Valdi Licul_

GREENBERG TRAURIG, P.A.                            WIGDOR, LLP
401 East Las Olas Blvd., Suite 2000                85 Fifth Avenue
Fort Lauderdale, Florida 33301                     New York, New York 10003
Telephone: 954-765-0500                            Telephone :212-257-6800
Telefax: 954-765-1477                              Telefax: 212-257-6845

JON SWERGOLD                                       VALDI LICUL
Email: swergoldj@gtlaw.com                         Email: vlicul@wigdorlaw.com
Rita.curran@gtlaw.com

PAUL RANIS, *Pro Hac Vice*                         Laura EDIDIN
Florida Bar No. 64408                              Email: ledidin@wigdorlaw.com
Email: ranisp@gtlaw.com
jennifer.shiner@gtlaw.com;
FLService@gtlaw.com

NICHOLAS CORSANO
One Vanderbilt Avenue
New York, NY 10017
Tel. +1 212.801.9200
Email: corsanon@gtlaw.com

The parties are advised that the Court retains discretion as to whether to afford confidential treatment to redacted information in Orders and Opinions.  Documents may be filed under seal only as provided in the Court's Individual Rule I.D.3.

**IT IS SO ORDERED.**

Dated: ___September 7, 2023___                    _____
                                                   **LORNA G. SCHOFIELD**
                                                   **UNITED STATES DISTRICT JUDGE**

# EXHIBIT A

**WRITTEN ASSURANCE**

_____ declares that:

I reside at _____ in the City of _____, County of _____, State of _____.

My telephone number is _____.

I am currently employed by _____, located at _____, and my current job title is _____.

I have read and I understand the terms of the Protective Order dated _____, filed in Docket No. 1:23-cv-04080, pending in <u>Jennifer Palmer v. eCapital Corp. et. al.</u>, United States District Court, Southern District of New York. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any information, Documents, or copies of Documents, designated "Confidential Information" as defined Section 2 of the Protective Order, and obtained pursuant to such Protective Order, or the contents of such Documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such Documents except for the purposes of this Action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this Action, I shall return to the attorney from whom I have received them, any Documents in my possession designated "Confidential Information", and all copies, excerpts, summaries, notes, digests, abstracts, and indices related to such Documents.

I submit myself to the jurisdiction of the United States District Court, Southern District of New York, for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on  _____             _____
                (Date)                                            (Signature)