

**Valdi Licul**
vlicul@wigdorlaw.com

October 5, 2023

**VIA ECF**

Hon. Lorna G. Schofield, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Application **GRANTED.** By **October 12, 2023**, Plaintiff shall file an Amended Complaint. Defendants' motion to dismiss the Complaint is **DENIED** as moot. By **October 26, 2023**, Defendants shall answer or move in response to the Amended Complaint. If Defendants intend to move, by **October 13, 2023**, they shall propose a mutually agreeable briefing schedule.

The Clerk of Court is respectfully directed to close the motions at Dkts. 38 and 52.

Dated: October 11, 2023
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

> Re:     Jennifer Palmer v. eCapital Corp. et al., Case No.: 1:23-cv-04080

Dear Judge Schofield:

We represent Plaintiff Jennifer Palmer in this matter and submit this pre-motion letter to respectfully request leave to file the attached Proposed Amended Complaint based on facts that Plaintiff learned for the first time on September 28, 2023. See Ex. A. Defendants consent to this application provided that they are given 14 days to respond to the Amended Complaint.

## I.      Brief Summary of Relevant Facts

This is an employment discrimination, whistleblower and retaliation action under federal, state and city anti-discrimination laws against corporate and individual defendants. In addition to allegations of gender discrimination, Palmer alleges retaliatory termination for filing her lawsuit. See Dkt. No. 1. Defendants have moved to dismiss, claiming, *inter alia*, (1) that Palmer failed to plausibly allege that Defendants terminated her employment because she filed her lawsuit and (2) lack of personal jurisdiction over eCapital Corp. and individual defendants Marius Silvasan, Steve McDonald and Cris Neely (the "Foreign Defendants").

On September 28, 2023, Palmer learned additional information during McDonald's deposition critical to her claims. First, McDonald testified that Defendants fired Palmer for "insubordination" because, among other things, she "sued" McDonald. See Ex. A ¶ 198. McDonald also admitted that Neely was "pissed off" at Palmer because she sued Neely. Id. ¶ 189.

Second, McDonald testified concerning the Foreign Defendants' connections to New York. For example, eCapital Corp. funds and owns 100 percent of ABL; eCapital Corp. is ABL's sole investor and shareholder; eCapital Corp. and ABL share executives; and the individual defendants worked at least occasionally from the New York offices. Id. ¶¶ 32-39, 44.



Upon the conclusion of the deposition, Plaintiff ordered an expedited transcript to ensure that there was no undue delay in filing this letter motion.  Plaintiff then provided Defendants with a copy of the Proposed Amended Complaint on October 4, 2023, in anticipation of filing this letter motion.

## II.      Argument

Fed. R. Civ. P. 15(a) states that a court "should freely give leave" to amend.  "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith."  AEP Energy Serv. Gas Holding Co. v. Bank of Am., N.A., 626 F.3d 699, 725 (2d Cir. 2010) (quoting Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993)).  The Second Circuit has "referred to the prejudice to the opposing party resulting from a proposed amendment as among the 'most important' reasons to deny leave to amend." Id. at 725 (quoting State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981)). For instance, an amendment is prejudicial where "it would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay the resolution of the dispute.'"  Id. (quoting State Teachers Ret. Bd., 654 F.2d at 856).  An amendment may also be unduly prejudicial "when it substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation."  Lynch as Trustee of Health and Welfare Fund of Patrolman's Benevolent Ass'n of the City of New York v. Nat'l Prescription Administrators, Inc., 795 F. App'x 68, 70 (2d Cir. 2020) (quoting Ruotolo v. City of New York, 514 F.3d 184, 192 (2d Cir. 2008)).

Here, Plaintiff's proposed amendment results in no prejudice to Defendants and, indeed, Defendants have consented.  Moreover, Palmer acted expeditiously.  Within one week of learning the new facts at issue, Plaintiff promptly filed this letter motion seeking permission to amend.  Further, the Proposed Amended Complaint does not delay or expand the scope of discovery already sought.

Accordingly, Plaintiff respectfully requests leave to file the attached Proposed Amended Complaint.

We thank Your Honor for the Court's time and attention to this matter.

Respectfully submitted,

Valdi Licul

cc:      Counsel for Defendants (*via* ECF)