

**Valdi Licul**
vlicul@wigdorlaw.com

December 15, 2023

VIA ECF

The Honorable Dale E. Ho
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Application DENIED.  The Court incorporates by reference Defendants' discussion at ECF No. 75 to find that (1) Defendants clear the "low threshold" to establishing relevance, *Dish Network L.L.C. v. Asia TV USA Ltd.*, No. 19CV0021VSBBCM, 2022 WL 1189386, at *3 (S.D.N.Y. Mar. 14, 2022), and (2) Defendants' request for emails and texts exchanged over five months is proportional to the needs of this case.  Ms. Fleishman is ordered to produce the relevant discovery by no later than February 15, 2024.
>
> SO ORDERED.  The Clerk of Court is respectfully requested to terminate ECF No. 73
>
> Dale E. Ho
> United States District Judge
> New York, New York
> Dated: January 17, 2024

Re:   Jennifer Palmer v. eCapital Corp., *et al*.; Case No.: 1:23-cv-04080 (DEH)

Dear Judge Ho,

We represent Plaintiff Jennifer Palmer in this employment action against eCapital Corp. ("eCapital"), eCapital Asset Based Lending ("ABL"), Marius Silvasan, Jonathan Staebler, Steven McDonald and Cris Neely (collectively, "Defendants"), alleging sex discrimination and retaliation in violation of federal and local statutes.  We write pursuant to the Court's Individual Rules of Practice to request an order partially quashing and modifying a December 5, 2023 subpoena Defendants served on non-party Melissa Fleishman.  (Exhibit 1).

I.   **Background**

Palmer is the former Chief Executive Officer of ABL, an operating company under the umbrella of eCapital Corp.  On September 8, 2022, Palmer brought an action (at the time, in state court), because she was the victim of discrimination and retaliation.  Among other things, Defendants all-male leadership stripped Palmer of significant authority and demoted her because she is a woman.  Defendants were, as one executive admitted, "pissed off" that Palmer sued.  Shortly thereafter, on December 5, 2023, Defendants terminated Palmer's employment, claiming that her job had been "eliminate[d]."  In fact, Defendants gave Palmer's responsibilities to a less-qualified man.  Moreover, one of the executives has since admitted under oath that Palmer was fired for "insubordination" because she filed her lawsuit.

On December 5, 2023, only ten days before the close of discovery, Defendants served a document subpoena on Fleishman, a former ABL employee who now works with Palmer at the J. Palmer Collective, a company Palmer started after Defendants terminated her employment. Among other things, Defendants seek, for the period September 1, 2022 (shortly before Palmer filed her lawsuit) through January 31, 2023 (approximately two months after Defendants fired Palmer) (1) all documents and communications related to Fleishman's resignation from ABL; (2) all texts and emails between Fleishman and Palmer concerning Fleishman's employment with J.



Palmer Collective; and (3) all texts and emails between Fleishman and Palmer concerning current or former clients and employees of eCapital or ABL.

On December 5, 2023, within a half-hour of being served with notice of the subpoena, Palmer objected that the subpoena sought information that is neither relevant nor proportional to the needs of the case. Later that afternoon, the parties met and conferred by telephone. Defendants stated that they would consider and respond to Palmer's objections. Palmer subsequently sent several emails (December 7, 2023, at 5:38 p.m.; December 10, 2023, at 9:12 p.m.; December 11, 2023, at 10:27 a.m.; and December 12, 2023, at 2:14 p.m.) requesting Defendants' response. On December 12, 2023, at 6:23 p.m., Defendants proposed limited modifications to the subpoena (as outlined above) and, on December 13, 2023, at 4:30 p.m., the parties discussed the modifications but, unfortunately, could not resolve the dispute.

## II.     Defendants' Subpoena Is Overbroad[1]

A court should quash a non-party subpoena that seeks information that "is not sufficiently relevant to [the plaintiff's] case to warrant production." Henry v. Morgan's Hotel Grp., Inc., No. 15 Civ. 1789 (ER) (JLC), 2016 WL 303114, at *3 (S.D.N.Y. Jan. 25, 2016). Information is relevant where it "bears on, or . . . reasonably could lead to other matter than could bear on, any party's claim or defense." Id. (internal quotation and citations omitted). "The burden of demonstrating relevance remains on the party seeking discovery." Id. Moreover, courts have been "'encourage[d] . . . to be more aggressive in identifying and discouraging discovery overuse' by emphasizing the need to analyze proportionality before ordering production of relevant information." Walker v. H & M Henner & Mauritz, L.P., No. 16 Civ. 3818, 2016 WL 4742334, at *2 (S.D.N.Y. Sept. 12, 2016) (quoting Fed. R. Civ. P. 26(b)(1) Advisory Committee Notes to 2015 Amendments).

Here, neither Fleishman's departure from ABL, her work for J. Palmer Collective nor her communications with Palmer about Defendants' former customers or employees has anything to do with the issues in this case. This case involves the reasons Defendants demoted and then fired Palmer. That, after being fired, Palmer set up her own company and may have worked with Defendants' former clients or employees could not—as a matter of law—have been the reason for Palmer's dismissal.

Defendants claim that Palmer's employment agreement with Defendants includes a non-solicitation provision that covers employees and clients. But the non-solicitation provision is not the subject of any claim in this case. Defendants have neither filed, nor sought to file, any counterclaim against Palmer and it is well settled that they might not obtain discovery simply to

---

[1]     A non-subpoenaed party, like Plaintiff, has standing if the subpoena involves "a privilege, privacy or proprietary interest in the documents sought." Universitas Educ., LLC v. Nova Grp., Inc., No. 11 Civ. 1590 (LTS) (HBP), 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013).



determine whether a claim exists.  See Alvarado v. GC Dealer Servs. Inc., No. 18 Civ. 2915 (SJF) (SIL), 2018 WL 6322188, at *4 (E.D.N.Y. Dec. 3, 2018) (denying Defendants' discovery requests because Defendants were only speculating how these documents could help them prepare a defense); Collens v. City of New York, 222 F.R.D. 249, 253 (S.D.N.Y. 2004) ("[C]ourts should not grant discovery requests based on pure speculation that amount to nothing more than a fishing expedition . . ."); Tottenham v. Trans World Gaming Corp., No. 00 Civ. 7697 (WK), 2002 WL 1967023, at *2 (S.D.N.Y. June 21, 2002) (denying, in part, Defendant's discovery request to the documents which Defendant failed to establish objective support). [2]

Moreover, the information sought has little, if any, bearing on Fleishman's credibility.  There is no dispute that Fleishman performs work for the J. Palmer Collective.  Defendants can try to use that information to attack Fleishman at trial.  But the reasons Flieshman left ABL or what conversations, if any, she and Palmer had about customers and employees is wholly irrelevant.

### III.     Conclusion

For all the reasons set forth, we respectfully request that the Court order the Defendants to amend all Requests other than 1(d) and 2(d) to documents and communications related to the allegations in the Amended Complaint, and to exclude Requests 1(d) and 2(d).

Respectfully submitted,

Valdi Licul

---

[2]     To be sure, Defendants have not yet filed an answer but have instead moved to dismiss Palmer's lawsuit.  But, even so, "nothing in [Rule 12(b)] prohibits the filing of a motion to dismiss with an answer."  See Beary v. W. Publ'g Co., 763 F.2d 66, 68 (2d Cir. 1985).  Thus, Defendants could have, but chose not to, file any counterclaim against Palmer for breach of the non-solicitation provision of her employment agreement.  And for good reason.  Nothing in the agreement prohibits Palmer from working with Defendants' former clients or employees after the termination of her employment.  And even if it did, such a provision would be unenforceable because "New York courts 'will not enforce a non-competition provision in an employment agreement where the former employee was involuntarily terminated.'"  Fersel v. Paramount Med. Servs., P.C., 588 F. Supp. 3d 304, 325 (E.D.N.Y. 2022) (quoting Arakelian v. Omnicare, Inc., 735 F. Supp. 2d 22, 41 (S.D.N.Y. 2010)).