


> Application GRANTED. For substantially the reasons set forth in the endorsed letter, Defendants' unopposed request to maintain ECF Nos. 104 and 106 under seal is granted. Redacted versions of these documents may be found on the public docket at ECF Nos. 103 and 105. The Court finds that Defendants' proposed redactions are narrowly tailored to serve interests sufficient to rebut the presumption of public access.
>
> The Clerk of Court is respectfully directed to terminate ECF No. 101.
>
> SO ORDERED.
>
> Dale E. Ho
> United States District Judge
> Dated: September 30, 2025
> New York, New York

Jon Swergold
Tel 954.768.5201
Fax 954.759.5501
swergoldj@gtlaw.com

December 5, 2024

**VIA ECF:**

Hon. Dale E. Ho, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   Jennifer Palmer v. eCapital Corp. et al.
        Case No.: 1:23-cv-04080

Dear Judge Ho:

This Firm represents Defendants eCapital Corp. ("**eCapital**"), eCapital Asset Based Lending Corp. ("**ABL**"), Marius Silvasan, Jonathan Staebler, John Stephen McDonald *i/s/a* Steven McDonald and Cris Neely (collectively "**Defendants**") in the above-referenced action. We write pursuant to Your Honor's Individual Rules and Practices in Civil Cases Section 6.c, Standing Order 19-MC-583 and Section 6 of the S.D.N.Y. Electronic Case Filing Rules & Instructions, to respectfully request approval to file under seal certain confidential information included in Defendants' Rule 56.1 Statement of Undisputed Material Facts, Memorandum of Law, Declarations and exhibits provided in connection with Defendants' forthcoming Motion for Summary Judgment. The aforementioned documents contain Defendants' sensitive and proprietary business information that Defendants have an interest in shielding from public disclosure to prevent competitive harm. A list of the docuements Defendants seek to seal or redact is attached hereto as Exhibit "A". Defendants have conferred with Plaintiff Jennifer Palmer ("**Plaintiff**" or "**Ms. Palmer**"), who does not take a position on this request.

**Case Background**

Ms. Palmer brings claims of discrimination alleging gender and retaliation under federal, state, and city laws. Ms. Palmer was formerly employed as the Chief Executive Officer of eCapital's subsidiary, ABL, until the termination of her employment in December 2022.

Greenberg Traurig, LLP | Attorneys at Law
One Vanderbilt Avenue | New York, New York 10017 | T +1 212.801.9200 | F +1 212.801.6400

Albany. Amsterdam. Atlanta. Austin. Berlin¬. Boston. Charlotte. Chicago. Dallas. Delaware. Denver. Fort Lauderdale. Houston. Kingdom of Saudi Arabia⁼. Las Vegas. London⁼. Long Island. Los Angeles. Mexico City⁺. Miami. Milan≈. Minneapolis. New Jersey. New York. Northern Virginia. Orange County. Orlando. Philadelphia. Phoenix. Portland. Sacramento. Salt Lake City. San Diego. San Francisco. São Paulo≫. Seoul∗. Shanghai. Silicon Valley. Singapore. Tallahassee. Tampa. Tel Aviv˄. Tokyo¤. United Arab Emirates⁼. Warsaw¬. Washington, D.C. West Palm Beach. Westchester County.

www.gtlaw.com

Hon. Dale E. Ho, U.S.D.J.
December 5, 2024
Page 2

Accordingly, discovery in this matter included documents and deposition testimony pertaining to eCapital's and ABL's business strategies, marketing plans, clients, employees, profit margins, pricing, economic performance, lending strategies, trade secrets and communications among high-level executives of the corporations regarding the same.

On September 7, 2023, Judge Lorna G. Schofield so ordered a Stipulated Protective Order ("**Order**") (ECF No. 41). According to the Order, "Confidential Information" includes "confidential or proprietary information, or other commercially sensitive information of a non-public nature." (*Id.*, ¶ 1(b)). The Order governs the disclosure and use of confidential information in this action and provides that all "Confidential Information" "that is filed with the Court shall be filed under Seal…." (*Id.*, ¶ 6). The Order also provides that "the Court retains discretion as to whether to afford confidential treatment to redacted information in Orders and Opinions. Documents may be filed under seal only as provided in the Court's Individual Rule I.D.3." (*Id.*, at p. 11). The exhibits listed on Exhibit "A" have all been marked confidential because they contain Defendants' proprietary business information.

**Request for Issuance of Sealing Order**

Pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure, "the court may order that a filing be made under seal without redaction." F.R.C.P. R. 5.2(d). "'Judicial documents are subject at common law to a potent and fundamental presumptive right of public access that predates even the U.S. Constitution.'" *Doe v. Gooding*, No. 20-CV-06569 (PAC), 2021 WL 5991819, at *3 (S.D.N.Y. July 29, 2021) (quoting *Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020) (citations omitted)). "This common law presumptive right of access 'requires a court to make specific, rigorous findings before sealing the [judicial] document or otherwise denying public access.'" *Id.* (quoting *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (citation omitted)). "Before sealing a document, the court must (1) determine whether the document is a judicial document; (2) if it is a judicial document, decide how much weight to give the presumption of access; and (3) determine whether the factors that weigh against public disclosure outweigh the presumption of access." *Id.* (citing *Mirlis*, 952 F.3d at 59). Where, as here, the First Amendment right of access applies because the filings in this case are in connection with a dispositive motion, a court may seal judicial documents "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest," but "[b]road and general findings" are insufficient. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). "Countervailing factors that weigh against public disclosure include 'the privacy interests of those resisting disclosure.'" *Id.* at *4, (quoting *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

"'The demonstration of a valid need to protect the confidentiality of confidential and proprietary business information may be a legitimate basis to rebut the public's presumption of access to judicial documents.'" *Kewazinga Corp. v. Microsoft Corp.,* No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (quoting *Lexington Furniture Indus., Inc. v. Lexington Co., AB*, No. 19-CV-6239 (PKC), 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021)). "Examples of commonly sealed documents include those containing 'trade secrets, confidential research and development information, marketing plans, revenue information, pricing information,

Hon. Dale E. Ho, U.S.D.J.
December 5, 2024
Page 3

and the like.'" *Id.* (quoting *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999)); *see also Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to redact documents containing advertising expenditures and plans, merchandising strategies, policies, and sales); *Hesse v. SunGard Sys. Int'l*, No. 12 CIV. 1990 CM JLC, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (permitting the sealing of "billing rates and project pricing, as well as details of specific projects completed for several clients"); *GoSMiLE, Inc. v. Dr. Johnathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (granting motion to seal "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting").

This Court should grant Defendants' letter motion to redact or seal the documents and exhibits in Exhibit "A" because they contain confidential and proprietary business information, strategies, and communications regarding the same. Exhibit "A" lists the summary judgment documents and exhibits Defendants seek to redact or seal and contains a general description of the nature of the information contained in each exhibit that justifies the request.

Defendants satisfy the three *Mirlis* factors for each of these exhibits. As to the first factor, the documents are all judicial documents because they were submitted to the Court in support of a motion for summary judgment, thus "they 'would reasonably have the tendency to influence' the Court's decision on the outstanding motions." *Kewazinga Corp.*, 2021 WL 1222122, at *4.

As to the second and third factors, while there is weight to the presumption of public access to the information Defendants seek to redact or seal, the countervailing interests in Defendants protecting their proprietary business information weighs against public disclosure. *See id.*, at *4-6. Each of the summary judgment documents and exhibits listed in Exhibit "A" contain business information including: ABL and/or eCapital client names; new business reports with client names and deal closure assessments; executive employment agreements containing confidential salary amounts, benefits, other compensation, business strategy related to the executive level position; financial information related to corporate budgets, revenue, profit margins, yields, overhead and operational costs, for both eCapital/ ABL and their clients; proprietary business strategy related to lending negotiations, strategies and investments; proprietary business strategy related to marketing and internal materials related to same, and business strategy related to corporate acquisitions. Public disclosure of this information would be disadvantageous and prejudicial to Defendants, as it could allow competitors to develop strategies to compete with Defendants, or it could be used by third parties to gain an advantage over Defendants in business. Defendants' interest in protecting their confidential business information overcomes the presumption of public access.

Accordingly, Defendants respectfully request that the Court grant their request to redact or seal the documents in Exhibits "A". We thank the Court for its consideration of this request.

Respectfully submitted,

GREENBERG TRAURIG, PA

*s/Jon L. Swergold*
Jon L. Swergold
Paul B. Ranis (*pro hac vice*)

Hon. Dale E. Ho, U.S.D.J.
December 5, 2024
Page 4

                                                Greenberg Traurig, P.A.
                                                401 East Las Olas Boulevard Suite 2000
                                                Fort Lauderdale, FL 33301
                                                Tel: (954) 765-0500

                                                -and-

                                                Nicholas A. Corsano
                                                GREENBERG TRAURIG, LLP
                                                One Vanderbilt Ave
                                                New York, New York 10017
                                                (212) 801-9200

**Greenberg Traurig, LLP | Attorneys at Law**

www.gtlaw.com